FLORA et al. v. HUNTSINGER.

No. 30193.   Sept. 30, 1941.

Rehearing Denied Oct. 21, 1941.

*117 P. 2d 1017.*

Wall & Green, of Sallisaw, for plaintiffs in error.

Coakley, McDermott & Gable, of Tulsa, for defendant in error.

DAVISON, J. Plaintiffs in error, hereinafter referred to as plaintiffs, have perfected this appeal from an order sustaining a demurrer to their petition for an alternative writ of mandamus

against the defendant in error, hereinafter referred to as defendant.

The facts alleged in the petition and accepted as true for the purpose of deciding the question submitted are substantially as hereinafter related.

The defendant is the county court reporter of Tulsa county, Okla. Plaintiffs are the owners of real estate in the city of Tulsa. Sometime previous to May, 1940, they filed with the county assessor of Tulsa county their application to secure an ad valorem tax exemption on said property on the ground that it was their homestead. The assessor denied or rejected said application, and upon a hearing before it, the board of equalization of Tulsa county arrived at a similar decision. At the request of plaintiffs and the board, the defendant in her capacity of court reporter or stenographer attended said hearing and took shorthand notes of said proceeding. Within due time plaintiffs gave notice of their appeal to the district court of Tulsa county from the finding of the county board of equalization, and the defendant completed a transcript of the proceedings before said board, but it appears from the allegations of the petition filed herein that she refuses to file said transcript in the district court as requested by plaintiffs unless and until they pay her for the preparation of said transcript and furnish the fee for such filing.

Plaintiffs' alleged right to an alternative writ of mandamus to compel the defendant to file said transcript is based upon the claim that it is her mandatory duty under our statutes to do so without payment of the fees in question. To support their position plaintiffs rely particularly upon section 8, Laws 1936 (S. L. 1936-37, c. 66, p. 54, the Laws enacted by the Extraordinary Session of the Sixteenth Legislature) 68 Okla. St. Ann. § 40, and section 12660, O. S. 1931, as amended by section 7 of chap. 115, S. L. 1933, 68 Okla. St. Ann. § 258. The first of these sections grants taxpayers the right of appeal from findings of county boards of equalization with reference to applications for homestead exemp-

tion and provides that such appeals shall be taken in the same manner and subject to the same requirements as are, or may be, provided by law for appeals from such boards on questions concerning the valuation of property. The last section cited, as amended, prescribes the method of procedure for the latter class of appeals, and among others contains the following provisions:

". . . The stenographer of the county court is directed, at the request of the board or taxpayer, to take shorthand notes of such testimony and to transcribe such complaint and evidence, and a full transcript of the orders of the board thereon; to file the same, with his certificate as to its accuracy, in the district court, the filing of which transcript shall complete said appeal. . . ."

In defense of her action in refusing to file the transcript until she is paid the fees in question, the defendant relies upon the general statutes describing the official duties of county court reporters in counties of more than 80,000 population. Those which pertain more particularly to the making and delivery of transcripts by such reporters are section 1, art. 13, chap. 35, S. L. 1936-37 (amending section 8210, O. S. 1931), and section 8211, O. S. 1931. The first of these sections provides in part as follows:

"The county court reporter . . . shall receive as compensation for his services the same salary as the court reporters of the district court, to be paid monthly, . . . and in addition to such monthly salary, said reporter shall charge and receive, and may retain, the same rate per folio as provided for said court reporters of the district court, for writing transcripts of appeals of all probate matters to the district court, and casemades and transcripts of all appeals to the Supreme Court and the Criminal Court of Appeals, also, transcripts of evidence taken in cases involving probate of wills and in all probate matters where minors are concerned, all evidence taken on application for approval of deeds or other instruments in which the court acts in the capacity of a federal agent as well as judge of the county court, and all other cases not heretofore provided for where the taking of testimony is necessary and the transcript

thereof is ordered, and copies of all other proceedings in the county court, said fees to be taxable as costs in the case or proceedings."

Section 8211, supra, provides:

"Said reporter shall upon the request of either party, in a civil or criminal case, make out a transcript or case-made for the purpose of appeal or proceedings in error and deliver the same to the party desiring it upon the payment of his fees therefor by such party at the rate of ten (10) cents per folio, and the amounts so received by him shall be taxable as costs in the case or proceedings."

It seems to be the defendant's contention that she has a right under the provisions of section 1, art. 13, chap. 35, S. L. 1936-37, quoted supra, to a fee for the transcript involved herein calculated at the same rate that is provided for the transcripts specifically mentioned therein, but, as we view the issues presented herein, there is no necessity of passing upon that contention. Whether the defendant is entitled to such remuneration for her work in making the transcript, as well as whether plaintiffs may be charged a fee for filing it, are collateral matters not squarely at issue here. The only question which requires an answer in determining the correctness of the trial court's decision is whether or not defendant may refuse to file the transcript until receiving the payment which, according to plaintiffs' petition, she has demanded. It will be seen by a comparison of the quoted provisions of section 12660, as amended, supra, and section 8211, supra, that there is no express conflict between them. A reading of the two sections discloses that they apply to different situations. Thus the latter section applies to the reporter's delivery of a transcript, such as is therein described, "to the party desiring it," while the former pertains to the filing of the transcripts it describes. While there is obviously a basis in the express wording of section 8211, supra, for the position that the reporter is not obliged to make the delivery mentioned therein until his fees have been paid, it is equally obvious that

the section dealing with the act that the plaintiffs have requested the defendant to perform contains no such language. It expressly requires her to file the transcript in the district court "at the request of the board or taxpayer." Since such a request is alleged to have been made in the present case, and we find no authority supporting the excuse offered by the defendant for her refusal to comply with said request, the trial court's decision upon her demurrer is hereby reversed.

WELCH, C. J., CORN, V. C. J., and RILEY and BAYLESS, JJ., concur. OSBORN, GIBSON, HURST, and ARNOLD, JJ., dissent.